597 A.2d 718

**ERIE INDEMNITY COMPANY, Attorneys in Fact for Subscribers to Erie Insurance Exchange, Appellee,**

v.

**Gail McGAUGHEY, Appellant.**

Superior Court of Pennsylvania.

Argued May 14, 1991.

Decided Oct. 8, 1991.

Joseph J. May, Erie, for appellant.

Steven E. Riley, Jr., Erie, for appellee.

Before CAVANAUGH, DEL SOLE and CERCONE, JJ.

DEL SOLE, Judge:

This appeal calls into question the trial court's ruling in favor of Appellee, insurance company, on a Summary Judgment Motion in a declaratory judgment action. The court's determination that the limits of underinsured motorist coverage on two automobiles insured under one policy could not be "stacked" to exceed the limits of third-party personal injury liability coverage of that policy is before us for review. After an examination of the prior case law in this Commonwealth, the relevant statutes and the purposes behind the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §§ 1701 et seq. (hereinafter the "MVFRL"), we conclude that the trial court's decision must be reversed and that underinsurance coverage limits applicable to more than one vehicle may be "stacked" so as to provide coverage in excess of the third-party liability limits of the same policy.

The underlying action was precipitated by an automobile collision in which Appellant, Gail McGaughey, suffered seri-

ous personal injuries when her vehicle was struck from behind by another. After settling an action for the policy limits against the driver who struck her, Ms. McGaughey advised her own carrier of her intentions to present a claim for the underinsured motorists benefits of her policy. Ms. McGaughey had in effect a policy of motor vehicle insurance issued by Erie Insurance Exchange, Appellee, which covered two vehicles which she owned. The policy provided bodily injury liability limits of $25,000/$50,000 and underinsured motor vehicle coverage of $25,000/$50,000 applicable to each vehicle per accident. The trial court found that the policy also contained a provision which disallowed the stacking of underinsured motorist benefits. Ms. McGaughey's parents had a separate policy of insurance with Erie covering four vehicles which they owned. Ms. McGaughey contended that at the time of the accident she was a resident of her parents' household and thus entitled to benefits under that policy as well.

Erie filed a declaratory judgment action arguing that its policy provisions and section 1736 of the MVFRL, 75 Pa. C.S.A. § 1736, preclude the stacking of underinsurance coverage when such coverage will exceed the third-party liability limits of the same policy. Section 1736 provides:

> The [uninsured and underinsured] coverages provided under this subchapter may be offered by insurers in amounts higher than those required by this chapter but may not be greater than the limits of liability specified in the bodily injury liability provision of the insured's policy.

In considering Appellant's ability to stack her underinsurance motorist benefits in such a manner that they exceed the third party liability limits of the same policy, the court noted that this legal issue would be applicable to the claims at hand and, in the event arbitrators decided that Ms. McGaughey is covered by her parents' policy, to that policy as well. In ruling on the Motion for Summary Judgment the trial court determined that the policy provisions, which it interpreted to disallow stacking of underinsured motorist benefits, were not contrary to the provisions of the

MVFRL.[1] Relying upon the reasoning of a federal case, *Chartan v. Chubb Corporation,* 725 F.Supp. 849 (E.D.Pa. 1989), the court concluded that stacking underinsured motorist benefits in excess of liability limits would be contrary to the plain language of the MVFRL, violative of the legislative intent behind the statute and contrary to related appellate authority on the subject.

We initially note that the decision relied upon by the trial court, *Chartan v. Chubb Corporation, Id.* was recently reversed by the United States Court of Appeals for the Third Circuit. *Chartan v. Chubb Corporation,* 937 F.2d 596 (3rd Cir.1991). Independent of that ruling and guided instead by our prior interpretation of the MVFRL and its purpose, we nevertheless conclude that the trial court erred in ruling that this law limits the amount of underinsured motorist benefits which can be recovered.

The underinsured motorist provisions of the MVFRL and the ability of a claimant to stack such benefits was most recently analyzed by this court in *Tallman v. Aetna Casualty and Surety Company,* 372 Pa.Super. 593, 539 A.2d 1354 (1988). Therein we held that a provision purporting to prevent stacking of underinsured motorist coverage was void as repugnant to the MVFRL. The *Tallman* court, while permitting stacking to the extent of damages, was not faced with the question presently before us since there the stacked underinsured motorist coverage was not greater than the liability coverage on the vehicle involved in the accident. However, the rationale provided by the *Tallman* court is equally applicable to determine whether § 1736 would require a different result by limiting recovery and preventing stacking in excess of the liability coverage.

The *Tallman* court first examined the policies underlying the predecessors to the MVFRL. It noted the purpose behind the policy allowing for the stacking of uninsured

1. In view of our determination that the MVFRL provides for the unrestricted stacking of underinsured motorist benefits, we need not examine the trial court's conclusion that the policy at issue specifically disallows stacking.

benefits under the Uninsured Motorist Act, 40 Pa.S.A. § 2000, which was stated to be to "provide protection to innocent victims of irresponsible drivers." *Harleysville Mutual Casualty Co. v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968). Also relied upon was a second well recognized justification: to ensure that intended beneficiaries receive multiple coverage when multiple premiums have been paid. *See Utica Mutual Insurance Company v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984). The court concluded that these same policies were applicable to the MVFRL and proved useful in interpreting the intent of the legislature.

Finally, the court examined the provisions of the MVFRL. It remarked on the fact that the legislature chose to include uninsured benefits with underinsurance benefits in the same section and neglected to prohibit stacking of benefits when it was well aware that stacking was ruled recoverable under the preceding Act. The fact that such a prohibition was expressly included with regard to first party benefits in § 1717 was deemed by the court to be intentional and provided further support for the conclusion that the stacking of underinsured motorist benefits was contemplated in the MVFRL.

The specific provisions of § 1736 were examined only in relation to a claim made by the appellant which suggested that § 1736 sets forth a formula for a determination of maximum benefits recoverable under underinsurance coverages. The appellant reasoned that such a limitation required that the MVFRL be treated like work-loss benefits under the No–Fault Act which an insurer could elect not to have stacked by means of including such a provision clearly in an insurance contract. *See Antanovich v. Allstate Insurance Company*, 507 Pa. 68, 488 A.2d 571 (1985). The *Tallman* court rejected this reasoning and instead held that the MVFRL does not place a ceiling on the amount of underinsurance a victim may recover. The court noted that § 1736 provides that an insured may obtain uninsured and underinsured coverages in amounts equal to, but not greater than, the amount of liability coverage, but this provision

does not limit the amount of underinsurance coverage which can be provided. The rationale for such a provision, which was expressed in *Wolgemuth v. Harleysville Mutual Insurance Company*, 370 Pa.Super. 51, 535 A.2d 1145 (1988) and which is referred to by the *Tallman* court, is offered by Erie in this case as evidence that stacking to receive benefits in excess of liability limits is not permitted under the MVFRL. The stated rationale for such a provision indicates that it was designed to "prevent an insured from providing greater coverage, via uninsured/underinsured coverages, for himself and his additional insureds than the amount of coverage he provides for others injured through his negligence." *Tallman v. Aetna Casualty and Surety Company, supra,* 372 Pa.Super. at 602, 539 A.2d at 1358–1359.

Section 1736 does not directly or impliedly prohibit or restrict the stacking of underinsurance motorist benefits. It does, however, fulfill the stated purpose of ensuring that others injured by an insured's negligence are afforded coverage equal to the underinsured motorist coverage limits in the insured's policy. This purpose is not frustrated by allowing the stacking of underinsured motorist benefits which the insured has purchased for more than one vehicle. Section 1736 places a cap on the amount of uninsured and underinsured motorist coverage that can be purchased in a single policy at the policy's bodily liability coverage limit. Although uninsurance and underinsurance coverage in any one policy cannot exceed the liability coverage of that policy, it does not follow that the coverage purchased for separate vehicles, for which added premiums are paid, cannot be added together by the insured to provide full compensation for the injuries suffered.

Stacking of underinsured motorist coverage to compensate insureds to the extent of their damages is in keeping with the liberal compensatory scheme which the *Tallman* court relied upon in reaching its decision. Further, it is in accord with the principle of affording those who have paid

multiple premiums to receive multiple coverage up to the extent of their damages. Thus, those who purchase coverage for more than one vehicle, and pay additional premiums would be entitled to collect what they had purchased—multiple coverage. Fairness dictates that such coverage, charged by the insurer and paid for by the insured, be available to meet the insured's needs. Section 1736 cannot be construed to nullify this coverage. As noted by the *Tallman* court, the legislature which drafted a specific provision prohibiting the stacking of first party liability coverage was well aware that it could expressly prohibit stacking of uninsured and underinsured motorist coverage if it had such an intent; yet, it did not. Our reading of § 1736 does not include any express or implied limitation on stacking.

Further persuasive evidence that the legislature did not intend to limit the stacking of underinsured motorist benefits can be found in the recent amendments to the MVFRL which became effective July 1, 1990. A newly enacted § 1738(a) provides that the "limits of coverage available under this subchapter shall be the sum of the limits for each motor vehicle as to which the injured person is an insured." Subsection (b) provides for reduced premiums in the event an insured should choose to waive the right to stack coverages. Although this section is inapplicable to the present case, it bolsters the conclusion that the legislature did not intend for § 1736 to limit the stacking of underinsured motorist benefits. The legislature, which has directly addressed stacking in the newly enacted § 1738 in conformity with our interpretation of the MVFRL, did not make any amendments to § 1736. Thus, it appears the legislature did not find the two provisions to be inconsistent.

In view of the express provisions of the MVFRL and the prior cases which have interpreted it to determine its purpose, we conclude that underinsurance motorist coverage limits may be stacked so to provide full recovery for damages sustained by an insured. Section 1736 which regulates

the basic, per vehicle limits of insurance sold, has no impact on the established law of this Commonwealth affording insureds the unrestricted stacking of underinsured motorist benefits to the extent of their damages. A policy provision which provides otherwise, and requires payment for additional coverage, is contrary to the intent of the MVFRL and, as stated in *Tallman* "void as repugnant to and in derogation of the purpose and policy of the MVFRL." *Tallman v. Aetna Casualty and Surety Company, supra,* 372 Pa.Super. at 602, 539 A.2d at 1359.

Order awarding Summary Judgment is reversed. Jurisdiction relinquished.