598 A.2d 1319

**PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Appellant,**

**v.**

**Frank STABRYLA and Ann Marie Stabryla, his Wife.**

Superior Court of Pennsylvania.

Argued Sept. 18, 1991.

Filed Nov. 13, 1991.

Leroy H. Keiler, Jersey Shore, for appellant.

Maureen J. Beirne, Athens, for appellees.

Before JOHNSON, FORD ELLIOTT and HESTER, JJ.

FORD ELLIOTT, Judge:

This is an appeal from the February 8, 1991 order of the Court of Common Pleas of Sullivan County, denying Pennsylvania National's motion for judgment on the pleadings, and granting the Stabrylas' motion for judgment on the pleadings. We affirm.

Appellant, Pennsylvania National Mutual Casualty Insurance Company, commenced a declaratory judgment action, seeking a judicial determination of the amount of uninsured motorist benefits payable to the Stabrylas under the policy of insurance issued to them by Pennsylvania National.

Prior to Pennsylvania National instituting the declaratory judgment action, the Stabrylas had filed a petition in the Court of Common Pleas of Sullivan County, to compel Pennsylvania National to appoint an arbitrator for the purposes of arbitrating the uninsured motorist claim. By agreement of the parties, these two matters were consolidated for argument.

The facts giving rise to these consolidated actions are not in dispute. Ann Marie Stabryla was injured when her car was run off the road by an unidentified vehicle. Because Ms. Stabryla was unable to identify either the driver or the automobile which caused the accident, she made a claim for uninsured motorist benefits under an insurance policy covering the vehicle she was operating at the time of the accident. The policy was issued by Pennsylvania National and provided coverage for four vehicles. The policy contained a $100,000 combined limit of liability for bodily injury/property damage. The policy also provided for uninsured/underinsured motorist benefits in the amount of $100,000. The Stabrylas demanded $400,000 from Pennsylvania National as the combined stacked limit of uninsured

motorist benefits. Pennsylvania National tendered $100,-000, claiming that amount to be the full limit of uninsured motorist coverage available under the policy, hence the dispute giving rise to the consolidated actions before the trial court.

The trial court adjudicated the action as though a motion for judgment on the pleadings had been filed by each party. The trial court ruled in favor of the Stabrylas, holding that stacking uninsured motorist benefits in excess of the liability limits was not prohibited under Pennsylvania law. This timely appeal followed.

Appellants raise one issue for our consideration.

Whether Section 1736 of the Pennsylvania Motor Vehicle Financial Responsibility Law prohibits stacking uninsured motorist benefits in excess of the amount that the insurance policy provides for liability coverage?

In addressing this issue, the trial court noted that there were no Pennsylvania appellate court cases dispositive of this precise issue. Indeed, in presenting their arguments to the court, both parties rely extensively upon federal court cases for guidance in resolving this issue, as neither party could identify a Pennsylvania appellate court case directly on point.

However, in light of a very recent opinion by another panel of our court, this case is no longer one of first impression. This very issue was addressed in *Erie Indemnity Co. v. McGaughey*, 409 Pa.Super. 177, 597 A.2d 718 (1991). In point, appellants cite the trial court opinion of this case in their brief, as the trial court in *McGaughey* had concluded that stacking underinsured motorist benefits in excess of the liability limits under the same policy was prohibited. However, on appeal, in a very well reasoned and extensive analysis of the Motor Vehicle Financial Responsibility Law and cases interpreting the same, this court, in an opinion authored by Judge Del Sole, reversed the trial court in *McGaughey* and held that underinsurance coverage limits applicable to more than one vehicle may be stacked so as to provide coverage in excess of third-party liability

limits of the same policy. We now conclude that the case *sub judice* is controlled by that holding and therefore affirm the trial court's order granting appellees' motion for judgment on the pleadings.

The only difference between the *McGaughey* case and the present one, is that the issue in *McGaughey* was framed in terms of underinsured benefits and the present case concerns uninsured benefits. However, it is a distinction which in no way impairs the application of the holding in *McGaughey* to the present case. Section 1736 of the Motor Vehicle Responsibility Law; the section at issue, involves both underinsured and uninsured motorist benefits. The cases relied upon in *McGaughey* apply equally as well to uninsured benefits as to underinsured benefits. The *McGaughey* court's analysis of Pennsylvania's liberal approach to stacking issues encompasses both uninsured and underinsured motorist benefits. Thus, the holding from *McGaughey* applies equally to instances of stacking uninsured motorist benefits as well as underinsured motorist benefits.

Because we find that Judge Del Sole's opinion in *McGaughey* provides a complete analysis of the arguments both for and against stacking in this instance, and resolves those arguments with an interpretation of Pennsylvania case law, we merely refer to that case for a resolution of the issues presently before us.

In relying upon *McGaughey* to resolve these issues, we find the following passage from that decision most persuasive.

Section 1736 does not directly or impliedly prohibit or restrict the stacking of underinsurance motorist benefits. It does, however, fulfill the stated purpose of ensuring that others injured by an insured's negligence are afforded coverage equal to the underinsured motorist coverage limits in the insured's policy. This purpose is not frustrated by allowing the stacking of underinsured motorist benefits which the insured has purchased for more than one vehicle. Section 1736 places a cap on the amount of uninsured and underinsured motorist coverage that can

be purchased in a single policy at the policy's bodily liability coverage limit. Although uninsurance and underinsurance coverage in any one policy cannot exceed the liability coverage of that policy, it does not follow that the coverage purchased for separate vehicles, for which added premiums are paid, cannot be added together by the insured to provide full compensation for the injuries suffered.

Stacking of underinsured motorist coverage to compensate insureds to the extent of their damages is in keeping with the liberal compensatory scheme which the *Tallman* [*v. Aetna Casualty and Surety Company*, 372 Pa.Super. 593, 539 A.2d 1354 (1988)] court relied upon in reaching its decision. Further, it is in accord with the principle of affording those who have paid multiple premiums to receive multiple coverage up to the extent of their damages. Thus, those who purchase coverage for more than one vehicle, and pay additional premiums would be entitled to collect what they had purchased—multiple coverage. Fairness dictates that such coverage, charged by the insurer and paid for by the insured, be available to meet the insured's needs. Section 1736 cannot be construed to nullify this coverage. As noted by the *Tallman* court, the legislature which drafted a specific provision prohibiting the stacking of first party liability coverage was well aware that it could expressly prohibit stacking of uninsured and underinsured motorist coverage if it had such an intent; yet, it did not. Our reading of § 1736 does not include any express or implied limitation on stacking.

*McGaughey*, 409 Pa.Super. at —— ——, 597 A.2d at 720–721.

Thus, because *McGaughey* addresses the precise issue before us in the present case, we hold that *McGaughey* controls the resolution of this issue. Based on the holding of *McGaughey* we conclude that the uninsured motorist benefits of an automobile policy may be stacked so as to

provide coverage in excess of the third party liability limits of the same policy.

Order of the trial court affirmed. Jurisdiction relinquished.